**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLORINDA MITCHELL, | ) | |
| | ) | Case No. 1:15-cv-02054 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| BLITT AND GAINES, P.C. and CAVALRY SPV I, LLC, | ) ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, CLORINDA MITCHELL, by and through her attorneys, and for her Complaint against the Defendants, BLITT AND GAINES, P.C. (hereinafter "Blitt") and CAVALRY SPV I, LLC (hereinafter "Cavalry"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant Blitt is a professional corporation of the State of Illinois, which has its principal place of business in Wheeling, Illinois.

9. On information and belief, Defendant Cavalry is a limited liability company of the State of Delaware, which is licensed to do business in the State of Illinois, and which has its principal place of business in Valhalla, New York.

## FACTS COMMON TO ALL COUNTS

10. On February 12, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case No. 14-04327. On May 14, 2014 an Order of Discharge was entered in Plaintiff's bankruptcy case.

11. Cavalry, Defendant Blitt's principal on whose behalf Defendant Blitt was acting, was listed as a creditor on Plaintiff's bankruptcy petition. Both Defendants are therefore charged with notice of Plaintiff's bankruptcy filing and discharge, which were provided to Cavalry by the Bankruptcy Noticing Center.

12. On or about October 2, 2014, in an attempt to collect the alleged debt, Defendant Blitt, acting as the attorneys and authorized agents for Defendant Cavalry, filed a lawsuit against Plaintiff in the Circuit Court of Cook County, Illinois, First Municipal District, Case No. 14-M1-145105, captioned as *Cavalry SPV I, LLC v. Clorinda V. Mitchell* (hereinafter the "Cook County lawsuit").

13. Defendant Blitt, acting as the attorneys and authorized agents for Defendant Cavalry, subsequently directed the Cook County Sheriff to serve Plaintiff with a copy of the Summons and Complaint filed in the Cook County lawsuit.

14. Subsequent to the filing of Plaintiff's bankruptcy case and prior to the filing of the Cook County lawsuit, employees, agents and/or representatives of Defendant Blitt, acting on behalf of Defendant Cavalry, placed numerous telephone calls to Plaintiff in attempts to collect the alleged debt.

15. On multiple occasions, Plaintiff notified Defendant Blitt's employees, agents and/or representatives that she was represented by an attorney with respect to the alleged debt and provided her attorneys' contact information.

16. Despite having received notice of Plaintiff's attorneys' representation, employees, agents and/or representatives of Defendant Blitt, acting on behalf of Defendant Cavalry, continued placing telephone calls to Plaintiff in further attempts to collect the alleged debt.

17. All of the actions taken by Defendant Blitt in the attempted collection of the alleged debt were taken as the attorneys and authorized agents for Defendant Cavalry.

18. The alleged debt which Defendants were attempting to collect from Plaintiff was discharged in Plaintiff's bankruptcy case.

19. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

20. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer embarrassment, humiliation, stress, aggravation, emotional distress and mental anguish.

## COUNT I

21. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

22. Defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendants had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

23. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

24. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

25. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

26. Defendants violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IV

27.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

28.    Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

29. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

30. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

31. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

32. Defendants violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT VII

33.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

34.    Defendants violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

35. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

36. Defendants violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

                                            RESPECTFULLY SUBMITTED,

                                            CLORINDA MITCHELL

                                By:     /s/ David B. Levin
                                           Attorney for Plaintiff

David B. Levin (Attorney No. 6212141)
Zachary M. Rubin (Attorney No. 6317931)
Jocelyn S. Hsiao (Attorney No. 6313077)
Attorneys for Plaintiff
Upright Litigation LLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone: (312) 940-8163
Fax: (866) 359-7478
dlevin@uprightlaw.com